235 F.2d 620
 Edward SCHWARTZ, Appellant,
v.
Emil A. MATHIAS, Kenneth S. Thawley, Herman H. Marota, in
Their Capacity as Duly Appointed Members of a Security
Hearing Board, and S. P. Ryder, Regional Director of the
Third United States Civil Service Region.
 No. 11813.
 United States Court of Appeals Third Circuit.
 Argued March 13, 1956.
Decided July 12, 1956.
 
 William J. Woolston, Philadelphia, Pa., for appellant.
 John J. Cound, Washington, D.C. (Warren E. Burger, Asst. Atty. Gen., W. Wilson White, U.S. Atty., Philadelphia, Pa., Paul A. Sweeney, Attorney, Department of Justice, Washington, D.C., on the brief), for appellees.
 Before BIGGS, Chief Judge, and McLAUGHLIN and STALEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Schwartz, a substitute clerk at the United States Post Office in Philadelphia, was suspended from duty pending determination of security charges against him under the provisions of 5 U.S.C.A. § 22-1, given a hearing before a Security Hearing Board composed of defendants Mathias, Thawley and Marota, and thereafter removed from his position by an order of the Postmaster General. The present action, his second in this matter, was instituted by Schwartz against the three defendants named above and Ryder, Regional Director of the Third Civil Service Region. Schwartz alleges that the hearing was improperly conducted in violation of due process of law. The court below granted the defendants' motion to dismiss the action on the ground that the Postmaster General was an indispensable party.
 
 
 2
 Schwartz argues that the Postmaster General was not an indispensable party because it was the Security Hearing Board which deprived him of due process. We have read the cases cited in his brief, and cannot agree. Where suit has been permitted against a local or regional official alone it has been because an order directed to him will be effective to obtain the result desired. While the hearing itself in the case at bar may have constituted a deprivation of due process, the real injury to Schwartz was his discharge. An order directed to the Security Hearing Board would be ineffectual to effect Schwartz's reinstatement since it was the Postmaster General, and not the Hearing Board, who dismissed Schwartz and only the Postmaster General can reinstate him.
 
 
 3
 We find that the Postmaster General is an indispensable party and therefore will affirm the decision of the court below.